UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RAHEEL AHMED, Individually and
on behalf of a class,

                                         Case No. 17-cv- 3100

                      Plaintiff,

              - against -

FMA ALLIANCE, LTD.,

                      Defendant.
-------------------------------------------------------X

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant FMA Alliance, Ltd. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g. Plaintiff further alleges that Defendant violated New York General Obligation Law § 5-511, which declares usurious contracts to be void, New York General Obligation Law § 5-513, which requires the disgorgement of all usurious interest collected, and New York Penal Law § 190.40, which prohibit the charging of usurious interest, i.e. interest in excess of 25%

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of

1

the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

3. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Raheel Ahmed, is an individual resident of the State of New York, residing In the County of Queens.  Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, FMA Alliance, Ltd., is a Texas Foreign Limited Partnership doing business in New York.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

10. Defendant is an independent contractor hired by Citibank, N.A. in association with the collection of a debt allegedly incurred by Plaintiff.

## FACTS

### I.     No Basis for Added Interest

11. On or about August 2, 2016, Plaintiff was mailed the collection letter attached as Exhibit A.  Plaintiff received it in the ordinary course of mail.

12. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

13. Exhibit A is, on information and belief, a form letter.

14. Exhibit A states "Total Balance Due: $975.21."

15. On or about September 6, 2016, Plaintiff was mailed the collection letter attached as Exhibit B.  Plaintiff received it in the ordinary course of mail.

16. Exhibit B sought to collect a debt incurred for personal, family or household use and not for business purposes.

17. Exhibit B is, on information and belief, a form letter.

18. Exhibit B states "Total Balance Due: $1069.75."

19. On or about October 6, 2016, Plaintiff was mailed the collection letter attached as Exhibit C.  Plaintiff received it in the ordinary course of mail.

20. Exhibit C sought to collect a debt incurred for personal, family or household

use and not for business purposes.

21. Exhibit C is, on information and belief, a form letter.

22. Exhibit C states "Total Balance Due: $1092.22." (Exhibits A, B, and C shall be referred to collectively as the "Collection Letters").

23. The length of time from Exhibit A to Exhibit B is 35 days. The difference in the balance is $94.54. This increase represents an annual percentage rate of nearly 100%.

24. The length of time from Exhibit B to Exhibit C is 30 days. The difference in the balance is $22.47. This increase represents an annual percentage rate of 22.47%.

25. The length of time from Exhibit A to Exhibit C is 65 days. The difference in the balance is $117.01. This increase represents an annual percentage rate of 66.45%.

26. New York General Obligation Law § 5-501 states that the "rate of interest . . . upon the loan or forbearance of any money, goods, or things in action . . . shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law."

27. § 14-a(1) of New York's Banking Law, in turn, provides that "[t]he maximum rate of interest provided for in section 5-501 of the general obligation law shall be sixteen per centum per annum."

28. New York Penal Law § 190.40 states that a "person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period." Criminal usury in the second degree is a class E felony.

4

29. New York General Obligation Law § 5-501 provides that, subject to exceptions not applicable in the instance case (e.g. certain shipping-related loans, and loans made by a "savings bank, a savings and loan association or a federal savings and loan association"), contracts which provide for payments greater than that authorized by New York General Obligation Law § 5-501are void.

30. Although case law interpreting usury in New York has permitted creditors to collect post-defaulted interest at rates in excess of 16%, the courts of New York have limited even creditors who are collecting defaulted debts to New York's 25% criminal usury rate.

31. Although the original creditor, Citibank, N.A., may be exempt from New York's usury laws pursuant to the National Banking Act, 12 U.S.C. § 85, the Defendant herein is not a national bank, and thus, is not exempt.

32. Moreover, a non-national bank assignee does not get the benefit of the federal exemption under New York law. See, e.g. New York General Obligation Law § 13-105, which states in relevant part that, "Where a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action or special proceeding, or interpose as a defense or counter-claim, in his own name, as the transferrer might have done; subject to any defense or counter-claim, existing against the transferrer, before notice of the transfer, or against the transferee. *But this section does not apply, where the rights or liabilities of a party to a claim or demand, which is transferred, are regulated by special provision of law . . ."* (emphasis added).

33. Defendant used false representation and deceptive means to attempt to collect interest without evidencing the basis for added interest in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f(1).

34. Defendant charges usurious rate of interest by charging an average of 66.45% in violation of New York General Obligation Law § 5-501.

## II.    Amount of the Debt

35. The Collection Letters state that "[b]ecause of interest and other charges assessed under your account agreement, the amount you owe may continue to increase."

36. This statement is false and misleading since the amount that Plaintiff owes did in fact increase from $975.21 in Exhibit A to $1,069.75 in Exhibit B to $1,092.22 in Exhibit C.

37. The statement that "the amount you owe *may* continue to increase" is simply not true as the balance will definitely grow.  It is not clear from this statement whether interest will continue to accrue or whether other charges will be added.

38. The Collection Letters fail to convey the amount of the debt in a clear and effective manner, thereby making the unsophisticated consumer uncertain as to how much he owes on the date that he makes the payment.

39. Defendant's statement is materially false and misleading in that it can be interpreted in a number of ways, one of which is incorrect.

40. The collection letter caused Plaintiff uncertainty and forced Plaintiff to guess how much money is allegedly owed Defendant, how much additional money would be owed if the amount demanded is paid and when Defendant's collection efforts would actually stop if the entire payment demanded was remitted.

41. The Collection Letters further fail to state the amount of the debt within the meaning of 15 U.S.C. §1692g(a)(1), by failing to advise the Plaintiff that "if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we

will inform you before depositing the check for collection." *Miller v. McCalla, Rayner, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

42. The *Miller* language is specifically applicable to cases in which the debt amount was increasing due to interest, late charges, and other charges and which "may vary from day to day." *See*, *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016).

43. Furthermore, the Collection Letters give no indication as to how the amount is calculated and the Plaintiff cannot deduce what he will owe on a particular day.

44. The Plaintiff is not provided with a rate of interest or a late fee amount or a collection fee, if any.  He has no ability to dispute the increase in the Total Balance Due from month to month.

45. Plaintiff cannot determine from the Collection Letters why the Total Amount Due increased by $94.54 in the 35-day period between Exhibit A and Exhibit B, while the Total Amount Due only increased by $22.47 in the 30-day period between Exhibit B and Exhibit C.

46. "A statement is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, No. 15-3105-cv, 2017 WL 1160887, at *6 (2d Cir. Mar. 29, 2017).

47. Where the Total Amount Due may continue to increase due to interest and other charges, there is no clarity as to whether the interest and other charges are actually accruing, what is the basis for their accrual, and why the accrual is inconsistent from one statement to the next.

48. Plaintiff was misled and confused by the Collection Letters.

49. The Collection Letters cause the least sophisticated consumer uncertainty and forces him or her to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed if the amount initially demanded was paid and if or when collection efforts would end if the entire payment demanded was remitted.

50. The sole purpose of the Defendant's statement, that "the amount you owe *may* continue to increase," as reflected in the Collection Letters was to coerce the Plaintiff into paying immediately. (Emphasis added).

51. The sole purpose of Defendant's actual increase in the Total Amount Due from one collection letter to the next in an inconsistent and unexplainable amount was to coerce the Plaintiff into payment immediately and possibly paying an amount that he does not owe.

52. The sole purpose of Defendant's failure to disclose with any specificity what interest and other charges are added and at what rate was to coerce the Plaintiff into payment immediately and possibly paying an amount that he does not owe.

53. Defendant's materially false statements caused Plaintiff confusion about the exact amount of money allegedly owed.

54. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## VIOLATIONS ALLEGED

### FIRST CAUSE OF ACTION – VIOLATION OF THE FDCPA

55. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint as though set forth at length herein.

56. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

8

57. Section 1692e(10) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

58. Section 1692f(1) states that:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

59. Defendant used false representation and deceptive means to attempt to collect interest and other charges without evidencing the basis for added interest or other charges in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f(1).

## SECOND CAUSE OF ACTION
(Violations of New York General Obligation Law and New York Penal Law)

60. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

61. Defendant violated New York General Obligation Law § 5-501 *et seq.* by charging, collecting and/or attempting to collect interest rate which changes from month to month and ranges between 22.47% and 97% per annum, which is in excess of both the civil usury limit of 16% (set forth in New York General Obligation Law § 5-501 and New York's Banking Law § 14-a(1)) and New York's criminal usury limit of 25% (N.Y. Penal Law § 190.40).

62. Pursuant to New York General Obligation Law § 5-511, Plaintiff and the class are entitled to have all debts on which Defendant charges, collected and/or attempted to collect usurious interest declared void.

63. Pursuant to New York General Obligation Law § 5-513, Plaintiff and the class are entitled to disgorgement of all sums paid in excess of the maximum interest rate.

### THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692e)

64. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 63 of this Complaint as though set forth at length herein.

65. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(2) the false representation of –**
     **(A) the character, amount or legal status of any debt.**

66. Section 1692g(a) states that:

**(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

67. Exhibits A, B, and C violate 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692g, and 1692g(a)(1) by failing to state the amount of the debt which is due and owing by failing to advise the Plaintiff that "if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the

check for collection" and by employing false, deceptive and misleading representations in connection with the collection of a debt.

68. Specifically, Exhibits A, B, and C violate 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by failing to state that the Total Amount Due will continue to increase as opposed to may continue to increase and by employing false, deceptive and misleading representations in connection with the collection of a debt.

69. Specifically, Exhibits A, B, and C violate 15 U.S.C. §§ 1692e, 1692e(2), 1692g, and 1692g(a)(1), by failing to advise the Plaintiff how the increase in the Total Balance Due will increase, i.e. what is the rate of interest, what other charges are added, and by failing to advise the Plaintiff why the balance grows by different amounts with each consecutive collection letter issued by Defendant.

70. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

71. As a result of defendant's violation of the FDCPA, plaintiff and the class has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

72. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

73. The class consists of (a) all natural persons (b) who were sent a letter seeking to collect a debt (c) in the form of Exhibit A and/or Exhibit B and/or Exhibit C which accrued interest and/or other charges (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

74. The class is so numerous that joinder is impracticable.

75. On information and belief, there are more than 50 natural persons who were sent a

letter similar to Exhibit A and/or Exhibit B and/or Exhibit C on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

76. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692e, 1692f, and 1692g; and/or

b. whether the debt collector sent the consumer written notice containing the amount of the debt; and/or

c. Whether defendant used false, deceptive or misleading means in the collection of a debt; and/or

d. whether defendant charged usurious rate of interest; and/or

e. Whether the letter violates the FDCPA; and/or

f. Whether defendant violated New York General Obligation Law § 5-501 *et seq*.

77. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

78. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

79. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA;

d)   Declaratory relief finding that defendant charged, collected or attempted to collect interest rates in excess of New York's usury limit;

e)   Judgment declaring that all accounts held by defendant on which defendant charges, collected or attempted to collect interest in excess of New York's usury limit are void;

f)   Judgment ordering disgorgement of all interest collected by defendant in excess of the maximum interest rate allowed under New York's law; and

g)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
       May 22, 2017

<div style="margin-left:40%">

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff

By:

Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

</div>

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Dan Shaked (DS-3331)